# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

OCT 11 PM 4: 50

CLERK____
SO. DIST. OF GA.

|  |  |  |
|---|---|---|
| JOHN RANDALL FUTCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV407-109 |
| | ) | |
| HSBC BANK, N.A., | ) | |
| f/k/a Household Bank, N.A., | ) | |
| RUST CONSULTING, INC., and | ) | |
| BRIAN STRANGE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On May 1, 2007, John Randall Futch filed a complaint in the State Court of Chatham County, Ga., alleging that Household Bank, N.A.,[1] Rust Consulting, Inc., and attorney Brian Strange had conspired to (1) fraudulently charge excessive fees to his credit card and (2) fraudulently deny his claim for class action settlement proceeds related to those excessive fees. Doc. 1 Ex. 1. On July 26,

---

[1] Household Bank, N.A., is now known as HSBC Bank, N.A. The Court will refer to this defendant as Household Bank because that is the name used in Futch's complaint and in the settlement agreement mentioned in that complaint.

2007, Rust Consulting, with Household Bank's consent, removed the case to federal court.[2] Docs. 1, 2. Defendant Brian Strange has not yet been served with a complaint. Doc. 1 at 2.

Strange, a California attorney, negotiated the class action settlement at issue in this case on behalf of credit card holders who had been charged improper finance charges and fees by defendant Household Bank. The settlement was approved by a California state court on November 1, 2004. The settlement agreement provided for the California court to retain jurisdiction over any disputes concerning the administration and distribution of the settlement proceeds. Doc. 5 Ex. 2.

The third defendant in this case was not a party to the settlement agreement. Instead, Rust Consulting entered the picture when it became the claims administrator for the settlement proceeds. As claims administrator, Rust Consulting processed claims for settlement proceeds filed by members of the class

---

[2] The state court allowed Futch to proceed *in forma pauperis*. Because Rust Consulting paid the federal court filing fee, there is no need to belabor the implications of Futch's IFP status now that the case is in federal court. The Court notes, however, that Futch is an abusive litigant and a serial filer in federal court, often filing anemic or frivolous claims and later moving to dismiss them before they undergo judicial screening. See, e.g., Futch v. DEA, 2007 WL 1615135, at *1 n.2 (S.D. Ga. June 4, 2007).

represented by Strange. Among Rust Consulting's responsibilities was verifying that potential claimants submitted the necessary documentation to qualify for a portion of the settlement proceeds. Id.

Futch submitted an incomplete claim form, dated November 2, 2004, to Rust Consulting in which he noted that Household Bank had charged him $29.00 worth of questionable fees. Doc. 5 Ex. 3 at 4. He did not, however, follow the claim form's directive to provide documentary evidence supporting his claim. Hence, when the claim deadline expired on November 18, 2004, Futch had not submitted a valid claim form. Doc. 1 Exs. 9, 13.

Futch now contends that the defendants conspired to charge fraudulent fees to his Household Bank credit card and fraudulently misrepresent the status of his settlement claim to prevent him from submitting a valid claim before the deadline expired. Doc. 1 Ex. 1 at 3. Futch asserts that he would have submitted a valid claim form but for the defendants' conspiracy to fraudulently deprive him of his portion of the settlement proceeds. Futch now

seeks compensatory and punitive damages from all three defendants.

## I. Rust Consulting's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction.

Rust Consulting, a Minnesota corporation not authorized to transact business in Georgia, has filed a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss Futch's claims against it on the ground that the Court lacks personal jurisdiction. Doc. 4. To support its motion Rust Consulting points out the following facts: (1) it performed no acts in Georgia that form the basis of Futch's claims; (2) Futch's alleged injury was not sustained in Georgia; (3) it is neither authorized nor registered to transact business in Georgia; (4) it has no registered agent for service of process in Georgia; (5) it does not own, lease, occupy, or use any real estate in Georgia; (6) it has no agents or employees in Georgia; (7) it pays no taxes in Georgia; (8) it derives no substantial revenue from services rendered in Georgia; and (9) it has no bank accounts in Georgia. Doc. 5. Based on those facts, Rust Consulting argues that neither Georgia's long-arm statute nor the Fourteenth

Amendment's Due Process Clause authorize this Court to exercise personal jurisdiction over it.

Futch responds that personal jurisdiction is appropriate because (1) Rust served as the administrator for a nationwide class action settlement fund; (2) Rust mailed a claim form to his pre-incarceration address in Savannah, Ga.[3]; and (3) Rust advertised the settlement in USA Today, a newspaper with a nationwide circulation. Doc. 11. For the reasons set forth below, Rust's Rule 12(b)(2) motion to dismiss should be **GRANTED**.

"In a diversity action, a federal court has personal jurisdiction over a non-resident defendant to the extent permitted by the forum state's long-arm statute." Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 746 (11th Cir. 2002). Georgia's long-arm statute permits courts to exercise personal jurisdiction over a non-resident corporation that:

(1) Transacts any business within this state;

---

[3]The parties disagree over the manner by which Futch received his claim form. Futch alleges that Rust Consulting mailed a claim form to his pre-incarceration address in Savannah, which was the address listed on his Household Bank credit card. Rust Consulting maintains that Futch initiated the inquiry about the settlement by mailing a request for the claim form to their processing center. Because it does not affect the outcome of this case, the Court will assume Futch is correct on this issue.

> (2) Commits a tortious act or omission within this state
> . . . ;
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (4) Owns, uses, or possesses any real property situated within this state . . . .

O.C.G.A. § 9-10-91. Here, personal jurisdiction under § 9-10-91(1) is improper because Futch has not alleged any facts demonstrating that Rust transacts business within Georgia. Likewise, § 9-10-91(2) is inapplicable because Futch has not alleged that Rust conspired inside the State. Also, personal jurisdiction is not proper under § 9-10-91(4) because Rust does not own, use, or possess real property situated in Georgia.

Hence, the only provision in O.C.G.A. § 9-10-91 under which the Court could conceivably exercise personal jurisdiction is § 9-10-91(3). But that provision is unavailing for two reasons. First, Futch has suffered no injury in Georgia. He was incarcerated in South Carolina and in Indiana during Rust Consulting's administration of the class action settlement fund. Second, even if Rust had caused him to suffer an injury in Georgia, Futch has not

alleged any facts indicating that Rust Consulting either engaged in a "persistent course of conduct" in Georgia or "derive[d] substantial revenue from . . . services rendered in [Georgia]." Id. Although Futch alleges that Rust mailed a settlement claim form to his pre-incarceration address in Savannah, mail contact "is generally insufficient to show the minimum contacts necessary to establish personal jurisdiction." HTL Sp. Z O.O. v. Nissho Corp., 538 S.E.2d 525, 527 (Ga. Ct. App. 2000); see also Mayacamas Corp. v. Gulfstream Aerospace Corp., 380 S.E.2d 303, 304 (Ga. Ct. App. 1989). Therefore, the mailing of a claim form into Georgia is insufficient to establish personal jurisdiction over Rust Consulting, especially since Futch has had no contact, mail or otherwise, with Rust inside of Georgia and has not alleged any other facts demonstrating Rust Consulting's activities inside of Georgia. See Gust v. Flint, 356 S.E.2d 513 (Ga. 1987) (advertising alone not enough to establish personal jurisdiction).

## II. Household Bank's Rule 12(b)(6) Motion

Defendant Household Bank has filed a Rule 12(b)(6) motion to dismiss Futch's claims against it. Doc. 10. As noted above,

Futch alleges that the defendants participated in two separate conspiracies: (1) a conspiracy to fraudulently charge him excessive credit card fees; and (2) a conspiracy to fraudulently deny him his portion of the settlement proceeds. Doc. 1 Ex. 1 at 3. In its Rule 12(b)(6) motion, Household Bank argues that Futch's first claim is barred by the doctrine of res judicata and that his second claim alleges no fraudulent acts that were committed by Household Bank. Id. For the reasons set forth below, Household Bank's motion to dismiss Futch's claims should be **GRANTED**.

Claim preclusion (also called res judicata) prohibits a plaintiff from re-litigating a claim on the merits if a judgment on the merits has been reached in a prior action. Adams v. S. Farm Bureau Life Ins. Co., 493 F.3d 1276, 1289 (11th Cir. 2007). "The principles of claim preclusion apply to judgments in class actions as in other cases." Id. But claim preclusion will apply only if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action. EEOC v. Pemco Aeroplex, Inc., 383 F.3d 1280,

1285 (11th Cir. 2004) (quotation marks, citations, and alterations omitted).

As evidenced by Futch's characterization of his claims and by his assertion that he belongs to the class of plaintiffs who were entitled to proceeds under the settlement agreement, the four elements of claim preclusion are satisfied here. Doc. 1 Ex. 1 at 2. Thus, he is bound by the settlement agreement, which enjoins all class members who did not opt out of the class from re-litigating the claims addressed in the settlement agreement. Doc. 10 at 8. Accordingly, Futch's first conspiracy claim is barred by the doctrine of claim preclusion.

Futch's second conspiracy claim fares no better than his first. Futch alleges that the defendants conspired to defraud him of his settlement proceeds. But like Futch's first conspiracy claim, the settlement agreement through which he seeks to recover clearly states that all grievances about the settlement claims process are to be brought before the same California court that approved the settlement agreement. Futch cannot have it both ways. He is bound by the settlement agreement.

Even if he were not bound, Futch has failed to state a claim against Household Bank for conspiracy to defraud because he has failed to plead with particularity any facts suggesting that Household Bank conspired with the other defendants. Rule 9(b) of the Federal Rules of Civil Procedure plainly states that "the circumstances constituting fraud . . . shall be stated with particularity." To satisfy Rule 9(b)'s particularity requirement a complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).

Although he alleges that the three defendants conspired to defraud him of his settlement proceeds, Futch's discussion of the alleged conspiracy does not implicate Household Bank in any way. Doc. 1 Ex. 1 at 3. He simply says that he filed a timely claim and that the defendants did not inform him of any defects in his claim

until it was too late to correct them.  Id.  Missing from Futch's complaint is any reference to the time, place, or manner in which the alleged co-conspirators hatched their plan to defraud him. Although the Court is mindful of the need to construe a pro se litigant's complaint liberally, the bare allegations in Futch's complaint do not come within shouting distance of Rule 9(b)'s particularity requirement.  Therefore, Household Bank's motion to dismiss should be **GRANTED**.

## III. Futch's Motion to Compel Service on Defendant Strange

California authorities have not yet served a copy of Futch's complaint on defendant Strange.  Although a Georgia state court granted Futch permission to proceed *in forma pauperis*, California does not recognize Georgia's IFP orders and will not serve Strange with a copy of Futch's complaint until Futch pays the requisite California fee.  Doc. 13.  Consequently, Futch has filed a motion with the Court to compel service upon Strange via the United States Marshall.  Futch's motion is **DENIED AS FUTILE**.

As with his allegations of fraud against Household Bank, Futch has failed to allege with particularity any facts suggesting that Strange conspired to defraud him. Although Futch maintains that the letters he received from Strange's office show that he was entitled to receive settlement proceeds, those letters do not even hint at such an entitlement. Doc. 1 Ex. 1 at 8–13, 18. Furthermore, the claim form Futch submitted clearly states that it must be accompanied by appropriate documentation— documentation Futch admits he did not include. Doc. 5 Ex. C at 4; Doc. 1 Ex. 1 at 3 ¶ 12. In light of his failure to abide the claim form's instructions and his failure to plead any particular facts indicating that Strange conspired to defraud him, his complaint should be **DISMISSED** as to defendant Strange. All other outstanding motions in this matter should be **DENIED** as **MOOT**.

**SO REPORTED AND RECOMMENDED** this _11th_ day of **October, 2007.**

_[signature]_

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN RANDALL FUTCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV407-109 |
| | ) | |
| HSBC BANK, N.A., | ) | |
| f/k/a Household Bank, N.A., | ) | |
| RUST CONSULTING, INC., and | ) | |
| BRIAN STRANGE, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
**B. AVANT EDENFIELD**
**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

JOHN RANDALL FUTCH,     )
                          )
     Plaintiff,       )
                          )
v.                    )     Case No. CV407-109
                          )
HSBC BANK, N.A.,      )
f/k/a Household Bank, N.A.,   )
RUST CONSULTING, INC., and  )
BRIAN STRANGE,       )
                          )
     Defendants.    )

## O R D E R

After a careful <u>de</u> <u>novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

 

_____
**B. AVANT EDENFIELD**
**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**